People v Curls (2025 NY Slip Op 02042)

People v Curls

2025 NY Slip Op 02042

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Renwick, P.J., Kapnick, Shulman, Rodriguez, Rosado, JJ. 

Ind. No. 4011/18|Appeal No. 4048|Case No. 2022-01765|

[*1]The People of the State of New York, Respondent,
v
Laru Curls, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Molly Booth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J.), rendered April 28, 2022, convicting him, after a jury trial, of attempted murder in the second degree as a hate crime, attempted assault in the first degree as a hate crime, and assault in the second degree as a hate crime, and sentencing him to an aggregate term of 14 years, unanimously affirmed.
Defendant's waiver of his right to counsel was knowing, intelligent, and voluntary. The court conducted an extensive and thorough searching inquiry (see People v Blue, 42 NY3d 584, 591-592 [2024]) in which it repeatedly warned defendant of the risks arising from proceeding pro se and made a concerted effort to demonstrate to him, through hypothetical questions about trial and sentencing, the disadvantage he would face were his request granted. The record demonstrates, contrary to defendant's contention, that he was adequately apprised of the minimum sentence on the top count and the nature of the charges against him (see People v Morales, 225 AD3d 549, 551 [1st Dept 2024], lv denied 41 NY3d 1020 [2024], cert denied  US , [Jan. 13, 2025, No. 24-5924]). In any event, there are no "particularized requirements" for a satisfactory inquiry, and the record demonstrates that defendant was repeatedly made "aware of the dangers of self-representation" (Blue, 42 NY3d at 592).
We perceive no basis for reducing the sentence.
We have considered defendant's remaining contentions, including those raised in his pro se supplemental brief, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025